UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Operating Engineers Local #49 Health and
Welfare Fund and Central Pension Fund of the
International Union of Operating Engineers and
Participating Employers, Local #49 International Union
Of Operating Engineers and Associated General
Contractors of Minnesota Apprenticeship and
Training Program and their Trustees,

Court File No. 08-0335 PAM/RLE

       Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**

Mesabi Bituminous, Inc.,

       Defendant.

---

  Jensen, Bell, Converse & Erickson, P.A. by Mitchell W. Converse, of St. Paul, Minnesota, appeared for Plaintiffs.

  There was no appearance for Defendant.

---

  This matter came on for Hearing before the Court on    May 29   , 2008 on Plaintiffs' Motion for Entry of Default.

### FINDINGS OF FACT

1. The Defendant was served with the Summons and Complaint in the present action on February 7, 2008.

2. The Defendant has failed to answer, or otherwise defend, and is in default.

3. Defendant is signatory to an Acceptance of Agreement that adopts the Labor Agreement between the Associated General Contractors of Minnesota and the International Union of Operating Engineers, Local #49.

1

4. The Plaintiff Fringe Benefit Funds ("Funds") are Multiemployer Plans as defined by 29 U. S. C. §1002 (37). They are established to provide pension, health and welfare, and training to employees working under the jurisdiction of the Labor Agreement.

5. The Labor Agreement obligates Defendant to determine the contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Administrator on or before the 15th day of the month following the month for which the contribution is being made. All contributions must be made and all reports must be submitted to the Funds' Administrator; Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425.

6. The Labor Agreement provides that Defendant is liable for liquidated damages of up to 15% of all delinquent contributions.

7. The Labor Agreement further provides that Plaintiffs are entitled to their reasonable attorneys fees and costs of this action.

8. After this lawsuit was commenced, Defendant paid fringe benefit contributions for September and October 2007 in the amount of $80,105.19 but did not pay the liquidated damages in the amount of $12,015.78.

9. Plaintiffs requested that Defendant submit all of its reporting forms and contributions for the period of November 2007 through the present, but Defendant has failed and refused to do so.

10. Plaintiffs believe that Defendant employed individuals during the requested period for which fringe benefit contributions were not made.

## CONCLUSIONS OF LAW

1. Defendant has failed to submit its reporting forms and fringe benefit contributions for the period of November 2007 through the present.

2. Defendant owes $12,015.78 for delinquent contributions for the months of September and October, 2007.

3. Defendant is liable for all delinquent fringe benefit contributions and for all liquidated damages, as well as attorney fees and costs.

## ORDER

**IT IS ORDERED THAT:**

1. Defendant shall submit fringe benefit contribution reports for the period of November, 2007 through the present:

2. Defendant is further ordered to pay liquidated damages in the amount of $12,015.78 for delinquent contributions for the period September and October, 2007.

3. Defendant shall pay to the Plaintiffs the fringe benefit contributions of all of the hours reported pursuant to the Court's Order, plus liquidated damages of up to 15% of the delinquent contributions for the period of November 2007 to the present.

4. Defendant shall pay to the Plaintiffs their attorney fees and costs of this action.

5. Upon submission of the fringe benefit contribution reports, if Defendant fails to make payments required by this Order, the Plaintiffs may move the Court for entry of a money judgment in the amounts determined to be due pursuant to the

audit, liquidated damages, and reasonable attorneys fees and costs, as shown by an Affidavit filed with the Court, and the Court shall enter judgment ten (10) days after service of the Motion and Affidavit on Defendant.

BY THE COURT

Dated:   May   29,   2008         s/Paul A. Magnuson
Honorable Paul A. Magnuson
United States District Judge